TEEKELL, Judge, Pro Tern,
dissenting.
Under the specific facts of this case, I would affirm the decision of the trial court, although I am bothered by his dictum that a deficiency judgment would be prohibited against the maker of the note, Community Rice Mill, Inc.
Revised Statutes R.S. 13:4106 (Deficiency Judgment Act) provides in part as follows:
“If a mortgagee or other creditor takes advantage of a waiver of appraisement of his property, movable, immovable, or both, by a debtor, and the proceeds of the judicial sale thereof are insufficient to satisfy the debt for which the property was sold, the debt nevertheless shall stand fully satisfied and discharged insofar as it constitutes a personal obligation of the debtor ...”
The idea behind all of this is to protect an unfortunate and beleaguered debtor, normally assumed to be disadvantaged in relation to a well-heeled creditor, from losing his mortgaged property without having the best shot possible at getting a reasonably fair price for it at a foreclosure sale, not only to apply against the debt, but to realize any balance above the satisfaction of the obligation.
The courts have refined this to mean that a flaw in the establishment of the appraisal value is tantamount to no appraisal at all. This refinement is understandable if it is presumed that the debtor is not only economically disadvantaged, etc., but not versed in the law, without ready access to counsel, and otherwise would be thought unlikely to appreciate the significance of the flaw, and would simply let the matter slide by, and as a result thereof, be in fact disadvantaged.
In the case sub judice, the first impression is that the defendants (by virtue of their ownerships in Community Rice Mill, Inc.) are virtually synonymous with the original maker of the note. The second and most striking impression is that the defendants were not shown to be economically disadvantaged, not lackadaisical in letting the matter slide by, but on the contrary, were on the vanguard in observing all of the developments leading up to the Sheriffs sale, and through counsel and otherwise had contacted the Sheriffs Office prior to the time of the sale, and were informed that the appraisals had not been received in accordance with the provisions of Revised Statutes 13:4363, and knew that as a legal proposition under the jurisprudence of the law of Louisiana, that the effect of the sale would be tantamount to being without benefit of appraisal.
Thus, the defendants failed to take timely steps to prevent the Sheriffs sale, and elected to lay back and avail themselves of any loophole or defect in the proceedings, if they were not satisfied with the results of the sale. They should be estopped from doing this.
Otherwise, it appears that the guaranty originally given by Mr. A.G. LaHaye, particularly considering the circumstances under which it was given, was anything but a gratuitous guaranty, and was sufficient in every way to constitute a continuing guaranty as determined by the trial judge.
Therefore, for the foregoing reasons, I concur in the result of the trial judge’s ruling, and would affirm his decision.